

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
ENVIRONMENTAL PROTECTION BUREAU

October 11, 2019

**BY ECF**

Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

Re:   *New York et al. v. Ross et al.*, Civ. No. 1:19-cv-09380

Dear Judge Batts:

      I represent plaintiffs (together, "New York") in this action.  New York seeks judicial review of a final rule that was issued by the defendants (together, "Commerce") that established commercial fishing quotas for 2020 and 2021 for New York and the other States in the Atlantic summer flounder fishery.  The 2020 quotas will go into effect on January 1, 2020 and limit the pounds of summer flounder that New York commercial fishermen may catch.

      Pursuant to the Court's Individual Practices II(B)(1), New York requests a pre-motion conference for a motion to expedite judicial review in this matter.  The Magnuson-Stevens Fisheries Conservation & Management Act, 16 U.S.C. §§ 1801 *et seq.*, under which the quotas were issued, provides for judicial review under the Administrative Procedure Act ("APA").  *Id.* § 1855(f)(1).  The Magnuson-Stevens Act does not allow litigants to seek preliminary injunctive relief but provides that, upon motion, the court "shall assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way."  *Id.* § 1855(f)(1)(A), (4).  Pursuant to this provision, New York intends to move the Court to expedite this case in every possible way, including expedited review of New York's motion for summary judgment.  *See* ECF No. 7; *see also Clean Air Carolina v. United States Dep't of Transp.*, 2017 U.S. Dist. LEXIS 189866, at *2 (S.D.N.Y. Sep. 14, 2017)

("early summary judgment motion practice is routine in APA cases" because the merits are typically decided on the administrative record, making discovery unnecessary).

As alleged in the complaint, New York's 2020 and 2021 quotas violate the Magnuson-Stevens Act by limiting the pounds of summer flounder that New York commercial fishermen will be able to "land" (transfer from a boat to a port) in New York ports based on scientifically obsolete, decades-old data that fail to reflect that most commercial fishing for summer flounder now takes place in the waters off Long Island. The quotas harm New York fishermen by allowing commercial fishermen from other states, including North Carolina and Virginia, to catch significantly more pounds of summer flounder off Long Island than New York fishermen can and then land the fish at ports in their home states.

Because New York's challenge will be resolved on the administrative record, no discovery is necessary and summary judgment is appropriate. *See Fund for Animals v. Norton*, 365 F. Supp. 2d 394, 405 (S.D.N.Y. 2005). Although Commerce has not yet produced the administrative record, New York's summary judgment motion is based on the comments that it submitted on the proposed 2020 and 2021 quotas, which are part of the administrative record and attached to New York's memorandum of law supporting the motion.

Counsel for New York will consult with counsel for Commerce regarding an expedited summary judgment briefing schedule and notify the Court whether the parties have reached agreement or will each propose a schedule.

Respectfully submitted,

 /s/ Channing Wistar-Jones

Assistant Attorney General
28 Liberty Street, 19th Floor
New York, NY 10030
(212) 416-8082
channing.jones@ag.ny.gov