```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/21/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, BASIL SEGGOS, as Commissioner of the New York State Department of Environmental Conservation, and the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

Plaintiffs,

-against-

WILBUR ROSS, in his official capacity as Secretary of the United States Department of Commerce, the UNITED STATES DEPARTMENT OF COMMERCE, the NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, and the NATIONAL MARINE FISHERIES SERVICE, a/k/a NOAA Fisheries,

Defendants.

1:19-cv-09380-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On November 7, 2019, the parties filed a joint letter proposing a summary judgment briefing schedule that included Defendants filing the administrative record on November 29, 2019 [ECF No. 21]. The Court (Batts, *J.*) endorsed and approved that proposed briefing schedule on November 26, 2019 [ECF No. 25]. Then, on November 27, 2019, Defendants filed a letter indicating that a copy of the administrative record in electronic format was filed with the Court and seeking leave to file the administrative record in electronic format with the Clerk of Court [ECF No. 26].

This case was reassigned to me on February 5, 2020. The administrative record provided to the Court (Batts, *J.*) was not transferred. On June 12, 2020, the Court issued an Order granting Defendants leave to file the administrative record in electronic format with the Clerk of Court [ECF No. 38]. The Clerk of Court has not received a copy of the administrative record.

The Court cannot rule on the pending motions without the administrative record. *See Schicke v. Romney*, 474 F.2d 309, 315 (2d Cir. 1973) (noting that, "the court must conduct a substantial inquiry, 'a thorough, probing, in-depth review' of the administrative action, and to do so, it must have before it the full administrative record which was before the agency and on which the agency determination was based" (first quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971); then citing *Overton Park*, 401 U.S. at 419)).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment [ECF No. 30], is DENIED without prejudice to moving to reopen or renew the motion following the filing of the administrative record in hard copy and electronic copy with the Court. The Court will administratively close Plaintiffs' Motion for Summary Judgment [ECF No. 7] pending the filing of the administrative record with the Court.

IT IS FURTHER ORDERED that the parties will each file a letter no more than three pages in length addressing the impact proposed Amendment 21 to the Summer Flounder Fishery Management Plan has on this case. *See* Magnuson-Stevens Fishery Conservation and Management Act Provisions; Fisheries of the Northeastern United States; Amendment 21 to the Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan, 85 Fed. Reg. 48,660–64 (Aug. 12, 2020); *see also* Order Dismissing Case, *New York v. Ross*, 19cv-259 (SJF) (ARL) (E.D.N.Y. July 30, 2019); Letter in Response to July 18, 2019 Order, *New York v. Ross*, 19cv-259 (SJF) (ARL) (E.D.N.Y. July 25, 2019), ECF No. 46.

**SO ORDERED.**

Date: **September 21, 2020**    **MARY KAY VYSKOCIL**
**New York, NY**                 **United States District Judge**