

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2021

**BY ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

    Re:  *New York v. Raimondo*, 19 Civ. 9380 (MKV)

Dear Judge Vyskocil:

    On behalf of Defendants, I write to respond to Plaintiffs' February 26, 2021 letter contending that this case should not be dismissed as moot.

    It is "a perfectly uncontroversial and well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot." *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016). Here, that is exactly what has happened: the Commerce Department finalized Amendment 21 on December 14, 2020, 85 F.R. 80661, and the rule took effect on January 1, 2021, replacing the prior summer flounder commercial state quota allocation system.

    Plaintiffs argue that the instant case (which they term *Ross I*, but should now be *Raimondo I*) should nonetheless by held in abeyance because there remains a possibility that the challenged formula could be reinstated by the Court in *Raimondo II*. This is mere speculation—the Court has not yet ruled on liability in that case, and in the event it rules for Plaintiffs (which it should not), has in no way indicated its views on an appropriate remedy. The parties will no doubt brief any complex issues of remedy presented by a theoretical future remedial order in *Raimondo II*, and the Court will have an opportunity to consider any issues relevant to that decision at that time. The Court need not and should not hold in abeyance a case over which it now lacks jurisdiction.

    Plaintiffs' invocation of the "voluntary cessation" doctrine fails for the same reason. While courts may deem a case not moot where a private litigant has ceased activities but threatens to resume them in the future, *see Seidemann v. Bowen*, 499 F.3d 119, 128 (2d Cir. 2007), courts dealing with a governmental alteration of statute or regulation generally require a particular reason to believe that the Government will resume the defunct policy, *see, e.g.*, *Kremens v. Bartley*, 431 U.S. 119, 128-29 (1977) (mootness stemmed from enactment of new state statute that "completely repealed and replaced" challenged predecessor). Moreover, here, the hypothetical reinstatement

described by Plaintiffs would be a remedy imposed by the Court in *Raimondo II*, not an action by Defendants.

Accordingly, the Court should dismiss the case as moot and, should Plaintiffs prevail on the merits of their challenge in *Raimondo II*, allow for briefing or other consideration of the appropriate remedy.

I thank the Court for its consideration.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York

By:    */s/ Lucas Issacharoff*
    LUCAS ISSACHAROFF
    Assistant United States Attorney
    Tel. (212) 637-2737
    Fax (212) 637-2702
    lucas.issacharoff@usdoj.gov