USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/9/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK, BASIL SEGGOS, as Commissioner of the New York State Department of Environmental Conservation, and the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

Plaintiffs,

-against-

Gina Raimondo, in her official capacity as Secretary of the United States Department of Commerce, the UNITED STATES DEPARTMENT OF COMMERCE, the NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, and the NATIONAL MARINE FISHERIES SERVICE, a/k/a NOAA Fisheries,

Defendants.

1:19-cv-09380-MKV

ORDER OF DISMISSAL

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs in this action challenge rules concerning commercial fishing quotas for states in the Atlantic summer flounder fishery. The parties recently requested that this case be stayed. [ECF No. 48.] The parties explained that because both rules challenged by Plaintiffs—(1) the October 2019 rule setting summer flounder quotas in 2020 and 2021 and (2) the 1993 rule establishing the allocation formula used to set the summer flounder quotas ("1993 Allocation Rule")—have been revised, the case need not proceed at this time. [*Id.*] Furthermore, Plaintiffs filed an action challenging (1) the final rule that revised the 1993 Allocation Rule ("2020 Allocation Rule") and (2) the final rule that applies the 2020 Allocation Rule to set updated state-by-state commercial fishing quotas for 2021 ("2021 Specifications Rule"). *New York v. Raimondo* (*Raimondo II*), No. 21-cv-00304-MKV (S.D.N.Y.).

Thereafter, the Court ordered Plaintiffs to show cause why this case should not be dismissed as moot given the promulgation of the 2020 Allocation Rule and the 2021 Specifications

Rule and Plaintiffs' challenge to those regulations in *Raimondo II*, No. 21-cv-00304-MKV.  [ECF No. 50.]  Plaintiffs offer two reasons why the case is not moot.  [ECF No. 51.]  Plaintiffs claim, first, that a live controversy exists because the challenged rules could become operative if the Court vacates the newly promulgated rules in *Raimondo II* and reinstates the rules challenged in this action.  [*Id.* at 2–3.]  Second, Plaintiffs claim that under the "voluntary cessation" doctrine, the new rules have not "completely and irrevocably eradicated" the old rules because Defendants could elect to reinstate the old rules.  [*Id.* at 3.]  Plaintiffs request that this case "be administratively closed, but not dismissed, with a right to reopen in the event that the challenged rules are reinstated."  [*Id.*]  Defendants argue that the case should be dismissed as moot and that Plaintiffs' claims to the contrary rest on speculation.  [ECF No. 53.]

The mootness doctrine is derived from the Article III requirement that federal courts may decide only live cases or controversies.  *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010); *see Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007).  When an action becomes moot, the court lacks subject matter jurisdiction and must therefore dismiss the case.  *See County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see also* Fed. R. Civ. P. 12(h)(3).

"The promulgation of a superseding policy or program can have the power to moot a challenge to the old one."  *Citizens for Responsibility & Ethics in Wash. v. Pompeo*, No. 19-3324

(JEB), 2020 WL 5748105, at *8 (D.D.C. Sept. 25, 2020) (quoting *Citizens for Responsibility & Ethics in Wash. v. Wheeler*, 352 F. Supp. 3d 1, 11 (D.D.C. 2019)).  It is a "perfectly uncontroversial and well-settled principle of law [that] when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot." *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 113–14 (D.C. Cir. 2016) (collecting cases); *see Gulf of Me. Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002); *see also Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017) (noting that when the government revises or replaces a challenged regulation, "the source of the plaintiff's prospective injury has been removed, and there is no 'effectual relief whatever' that the court can order" (collecting cases)).

The rules challenged in this action have been revised and are no longer in effect.  As such, the issues presented are no longer live and the Court cannot afford the relief Plaintiffs seek.  This case therefore is moot and must be dismissed.  *See Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (holding that amendment to regulations mooted challenge to validity of old regulation); *Nat'l Mining Ass'n v. U.S. Dep't of the Interior*, 251 F.3d 1007, 1010–11 (D.C. Cir. 2001) (declaring challenge to revised rule moot, noting that "[t]he old set of rules, which are the subject of this lawsuit, cannot be evaluated as if nothing has changed" because "[a] new system is now in place" and "[a]ny opinion regarding the former rules would be merely advisory"); *see also Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) ("By eliminating the issues upon which this case is based, adoption of the new rule has rendered the appeal moot." (citing *Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995))).

The possibility that the challenged rules could become operative again based on the outcome of *Raimondo II* does not keep the controversy in this case live.  Courts have consistently rejected the view that "the mere filing of a lawsuit is sufficient to resurrect Article III jurisdiction over the repealed statutes." *Orthodox Jewish Coalition of Chestnut Ridge v. Village of Chestnut*

*Ridge*, No. 19-CV-443 (KMK), 2021 WL 1226930, at *6 (S.D.N.Y. Mar. 31, 2021) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1184 (10th Cir. 2000)).  Accordingly, the challenge to the new rules in *Raimondo II* does not cure the mootness issue in this case.  *See Miller v. Benson*, 68 F.3d 163, 164–65 (7th Cir. 1995) (per curiam) (finding case moot due to legislative amendment and rejecting argument that new litigation challenging amended law may lead to decision restoring original statutory scheme).

     In addition, the voluntary cessation exception to the mootness doctrine does not apply here. This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001) (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66–67 (1987); and *Friends of Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).  Courts will find a case moot after voluntary cessation of challenged conduct where "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *American Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Davis*, 440 U.S. at 631).

     Voluntary cessation of challenged conduct by government actors is treated "with more solicitude than similar action by private parties." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (ellipsis omitted) (quoting *America Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)); *see also Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009).  As the Second Circuit has explained, "deference to the [government's] decision to amend is the rule, not the exception." *Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 377 (2d Cir. 2004) (collecting cases).  Therefore, an

amendment or revision to a challenged regulation that obviates a plaintiff's claim will moot the litigation absent evidence that the challenged regulation is likely to be reenacted after the case is dismissed. *Id.*; *see Assoc. Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 66–67 (2d Cir. 1994); *see also Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1331 n.9 (11th Cir. 2004) (collecting cases from seven other circuits).

Here, "there is no reason to think that, having completely revised its regulations through proper procedures, [Defendants] have any intention of returning to the prior regulatory regime." *Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451–52 (2d Cir. 2002) (per curiam). Indeed, nothing in the record suggests that Defendants will reenact the original, now-revised rules once this case is dismissed. *See Lamar Advert.*, 356 F.3d at 377; *Rivers v. Doar*, 638 F. Supp. 2d 333, 338 (E.D.N.Y. 2009) (dismissing action as moot where agency voluntarily abandoned policy because there was "nothing in the record affirmatively suggesting that defendants intend to re-institute the challenged policy"). That Defendants retain the power to do so is not enough to keep this controversy alive. *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000); *see also Sossamon*, 560 F.3d at 325 (noting that "some physical or logical []possibility that the challenged policy will be reenacted," absent concrete evidence of intent to do so, will not overcome mootness).

Although this case is moot, Plaintiffs are not without recourse. Where, as here, a new regulation moots an action, the challenger can "'cure[] its mootness problem by simply starting over again'—by challenging the regulation currently in force." *Akiachak Native Cmty.*, 827 F.3d at 113–14 (citing *Freeport–McMoRan Oil & Gas Co. v. FERC*, 962 F.2d 45, 46 (D.C. Cir. 1992); and *Gulf Oil Corp. v. Simon*, 502 F.2d 1154, 1156 (Temp. Em. Ct. App. 1974)). Plaintiffs have done precisely this. As such, any claim for relief lies in *Raimondo II*, No. 21-cv-00304-MKV (S.D.N.Y.).

5

The Court declines to administratively close, but not dismiss, this action, as requested by Plaintiffs.  As the Supreme Court has explained, "There is no justification for [a court's] retaining jurisdiction of a civil case where no real controversy is before [it]."  *Frank v. Minn. Newspaper Ass'n, Inc.*, 490 U.S. 225, 227 (1989) (per curiam).

The Clerk of Court is respectfully requested to dismiss the action and close the case.


**SO ORDERED.**

**Date:  April 9, 2021**
**New York, NY**                              **MARY KAY VYSKOCIL**
                                              **United States District Judge**

6